UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

CHRISTOPHER BROWN                          CIVIL ACTION NO. 24-1522

                                           SECTION P
VS.
                                           JUDGE S. MAURICE HICKS, JR.

ROBERT CHAVIS, ET AL.                      MAG. JUDGE KAYLA D. MCCLUSKY

## REPORT AND RECOMMENDATION

Plaintiff Christopher Brown, a prisoner at Bossier Medium Correctional Center proceeding pro se and in forma pauperis, filed this proceeding on approximately November 1, 2024, under 42 U.S.C. § 1983.  He names the following defendants: Bossier Maximum Security Center ("BMSC"), Warden Robert Chavis,[1] Lieutenant Bowen, Medical Staff, Bossier Parish Sheriff's Department, Bossier Parish Police Jury, and Ms. Molly.[2]

For reasons that follow, the Court should retain Plaintiff's claims against Warden Robert Chavis, Lieutenant Bowen, and Ms. Molly.  The Court should dismiss Plaintiff's remaining claims.

## Background

In his initial pleading, Plaintiff claims that he was refused proper medical attention for his "golf ball sized extremely enlarged hernia" which protrudes from his scrotum, is very painful, and causes him to alter how he walks.  [doc. # 1, p. 3].

---

[1] Plaintiff also refers to Warden Chavis as Captain Chavis.  [doc. #s 1, p. 5; 8, p. 2].

[2] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

In his amended pleading, Plaintiff states that he arrived at BMSC on July 17, 2024.  [doc. # 8, p. 1].  On July 18, 2024, during "intake processing," he informed a nurse, Ms. Molly, that he has had a "scrotal hernia of approximate golf ball size" for three years, and he requested that it be "corrected."  *Id.*  Plaintiff was prescribed Ibuprofen for his pain, but it was ineffective "in treating the level of pain [he] was having."  *Id.*

On July 25, 2024, Plaintiff asked someone if he "had an appointment at LSU for surgery due to [his] pain level and inability to sleep."[3]  [doc. # 1, p. 8].  He states that his "request to see a doctor was repeatedly refused."  *Id.*

On July 30, 2024, Plaintiff asked someone if he had an appointment for surgery.  [doc. # 8, p. 1].  He also notified Ms. Molly that his pain was increasing.  *Id.*

On August 21, 2024, Plaintiff notified "medical" that he "had been in severe pain for three days" and that his "hernia had grown by ½ inch in length" and height.  [doc. # 8, p. 2].  Plaintiff "continued to attempt to get medical treatment for [his] hernia."  *Id.*  He claims that Ms. Molly accused him of "playing" and that she provided ineffective medication for his level of pain.  *Id.*  Ms. Molly allegedly told him that "the Medical Staff was not going to do anything for" him, that his hernia was not life threatening, and that he would have to be on his death bed before he "saw a real doctor."  *Id.*  He was "informed that [he] would not be able to have surgery while incarcerated . . . ."  *Id.*

Plaintiff claims that Captain Chavis and Lieutenant Bowen twice denied him "surgical evaluation[,]" informing him that he did not need surgery.  [doc. # 8, p. 2].  Plaintiff attaches a response to his grievance, in which Captain Chavis stated: "Your condition was determined to be

_____

[3] Plaintiff does not identify to whom he spoke, but earlier in his pleading he notes that Ms. Molly was his main "point of contact with the medical staff[.]"  [doc. # 8, p. 1].

elective surgery by the MD. After being examined several times I agree with Lt. Bowen on the

determination of this matter as founded by her.  Your Step 2 is deemed unfounded and denied.

No more ARPs will be accepted concerning this matter." [doc. # 1, p. 5].  Bowen allegedly told

Plaintiff that she would "lock [him] down" if he submitted another "Medical Kite." [doc. # 8, p.

2].

Plaintiff's "hernia has continued to grow." [doc. # 8, p. 2].  He writes: "When I came to

[BMSC] it was roughly the size and shape of a golf ball and caused quite a bit of pain.  Today,[4]

it has grown to the size of a football and the pain is sometimes unbearable.  The pain starts on

my left side and increase[s] until my whole body hurts and I cannot get any relief.  Ibuprofen

does not begin to knock the edge off the pain." *Id.*  Plaintiff does not believe that his condition is

life threatening, but he does think that it could lead to permanent disability if not treated

promptly because the "sheer size of the hernia could cause further damage to surrounding tissues

and organs . . . ." *Id.* at 3.

On approximately January 6, 2025, Plaintiff informed the Court that he was transferred to

Bossier Medium Correctional Center.

Plaintiff seeks medical attention and monetary compensation for his pain and suffering.

[doc. # 1, p. 4].

### Law and Analysis

**1. Preliminary Screening**

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis.  As a

prisoner seeking redress from an officer or employee of a governmental entity, his complaint is

---

[4] Plaintiff drafted this allegation in December 2024.

subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[5] *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*).  Because he is proceeding in forma pauperis*,* his Complaint is also subject to screening under § 1915(e)(2).  Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.  Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless.  *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570).  Plausibility does not equate to possibility or probability; it lies somewhere in between.  *Id.*  Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

---

[5] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra.*

In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra.* A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id.* A complaint fails to state a claim where its factual allegations do not "raise a right to relief above the speculative level." *Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145, 148 (5th Cir. 2010) (*quoting Twombly*, 550 U.S. at 555). "[U]nadorned, the-defendant unlawfully-harmed-me accusation[s]" will not suffice. *Iqbal*, 556 U.S. at 677.

"[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was

5

committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638

(5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a

"[S]ection 1983 complaint must state specific facts, not simply legal and constitutional

conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. Medical Care**

To plead a constitutional violation, a plaintiff "must demonstrate that a government

official was deliberately indifferent to 'a substantial risk of serious medical harm.'" *Bailey v. E.

Baton Rouge Par. Prison*, 663 F. App'x 328, 330 (5th Cir. 2016) (quoting *Wagner v. Bay City*,

227 F.3d 316, 324 (5th Cir. 2000)). A prison official acts with deliberate indifference to an

inmate's health "only if he knows that [the] inmate[ ] face[s] a substantial risk of serious harm

and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*,

511 U.S. 825, 847 (1994); *see Reeves v. Collins*, 27 F.3d 174, 176-77 (5th Cir. 1994) (applying

*Farmer* to a denial of medical care claim). A plaintiff must establish that a prison official

"refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in

any similar conduct that would clearly evince a wanton disregard for any serious medical needs."

*Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).

"[N]either an incorrect diagnosis nor the failure to alleviate a significant risk that should

have been perceived, but was not, is sufficient to establish deliberate indifference." *Blank v.

Bell*, 634 F. App'x 445, 448 (5th Cir. 2016). "Unsuccessful treatment, medical malpractice, and

acts of negligence do not constitute deliberate indifference; nor does a prisoner's disagreement

with his medical treatment, absent exceptional circumstances. Moreover, a delay in treatment is

not unconstitutional, unless there has been deliberate indifference that results in substantial harm.

In short, [d]eliberate indifference is an extremely high standard to meet." *Id.* (internal quotation

marks and quoted sources omitted); *see Alton v. Tex. A & M Univ.*, 168 F.3d 196, 201 (5th Cir. 1999) ("Actions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference."); *Frazier v. Keith*, 707 F. App'x 823, 824 (5th Cir. 2018) ("The choice between forms of treatment is a classic example of a matter of professional judgment and does not support a finding of deliberate indifference.").

Here, the Court should retain Plaintiff's claim against Ms. Molly. Plaintiff plausibly alleges that he had and has a serious medical need: a large hernia in his scrotum which is growing and causing him severe pain and an inability to walk and sleep. Ms. Molly's initial provision of ibuprofen does not reflect deliberate indifference. However, Plaintiff plausibly alleges that Ms. Molly was thereafter deliberately indifferent to a substantial risk of serious harm because she knew of his condition, knew that his pain was increasing despite the ibuprofen, yet refused to arrange or provide additional medical treatment. *See Ford v. Anderson Cnty., Texas*, 102 F.4th 292, 309 (5th Cir. 2024) ("Responding to a serious medical issue with such a cursory level of care may still constitute deliberate indifference."); *Ledesma v. Swartz*, 134 F.3d 369 (5th Cir. 1997) (finding that treating complaints of a broken jaw with only over-the-counter pain medication and a liquid diet could constitute deliberate indifference).

Construing his allegations liberally and in his favor, Plaintiff also states plausible claims against Captain Chavis and Lieutenant Bowen. Plaintiff's claims are certainly not models of clarity. For instance, he does not explicitly state what Chavis and Bowen knew. However, he does allege that they informed him that he did not need surgery; presumably, if the two defendants informed him that surgery was not necessary, they knew the medical needs for which he sought care. Moreover, according to Plaintiff, Chavis and Bowen refused to provide or arrange any form of medical care. Instead, Bowen threatened to "lock [Plaintiff] down" if he

7

submitted another request for medical care.  Defendants' responses (or lack thereof) to Plaintiff's requests for medical care plausibly reflect deliberate indifference.

Of note, Plaintiff attaches a response to his Administrative Remedy Procedure grievance, in which Chavis and Bowen denied his request for additional medical care.  [doc. # 1, p. 5].  The defendants appeared to rely on a physician's opinion that surgery was not necessary and was instead elective, which tentatively suggests that the defendants did not know of a substantial risk of serious harm and deferred to the physician's medical opinion.  *See Petzold v. Rostollan*, 946 F.3d 242, n. 42 (5th Cir. 2019) (finding that a supervisor did not deny or delay treatment because a nurse already treated the plaintiff's injury and the supervisor, who lacked medical training and who was aware of the prior treatment, simply "deferred to a medical professional's prior treatment.").  Plaintiff, however, does not endorse or verify the contents of the grievance response, which is comprised of double hearsay.[6]

**3. Entities Unamenable to Suit**

Plaintiff names BMSC, Bossier Parish Sheriff's Department, and Medical Staff as defendants.

Federal Rule of Civil Procedure 17(b)(3) provides that the "[c]apacity to sue or be sued is determined . . . by the law of the state where the court is located . . . ."  Under Louisiana law, an entity must qualify as a "juridical person," which is "an entity to which the law attributes personality, such as a corporation or partnership."  LA. CIV. CODE art. 24.

---

[6] Plaintiff did not, for instance, attach medical records definitively demonstrating that a physician evaluated him for surgery and opined that surgery was elective, which would suggest that Plaintiff's claims at best amount to negligence.  *See Sligh v. City of Conroe, Texas*, 87 F.4th 290, 298 (5th Cir. 2023) ("If an allegation is qualified by the contents of an exhibit attached to the pleadings, but the exhibit instead contradicts the allegation, the exhibit and not the allegation controls.").

The entities above do not qualify as juridical persons; accordingly, the Court should dismiss Plaintiff's claims against them.  *See Henderson v. Mid States Servs., Inc.*, 67 F. App'x 247 (5th Cir. 2003) (finding that the plaintiff did not show "that the Medical Department is a legal entity amenable to suit . . . ."); *Cozzo v. Tangipahoa Parish Council-President Government*, 279 F.3d 273, 283 (5th Cir. 2002) ("[A] sheriff's office is not a legal entity capable of being sued . . . .").

**4. Bossier Parish Police Jury**

Plaintiff names Bossier Parish Police Jury as a defendant, but he does not set forth any allegations against it.  A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face."  *Twombly,* 550 U.S. at 570.  A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations.  *Ashcroft*, 556 U.S. at 662.  Here, the Court should dismiss Bossier Parish Police Jury as a defendant because Plaintiff does not raise a claim against it.

**<u>Recommendation</u>**

For the reasons above, **IT IS RECOMMENDED** that Plaintiff Christopher Brown's claims against Bossier Maximum Security Center, Medical Staff, Bossier Parish Sheriff's Department, and Bossier Parish Police Jury be **DISMISSED WITH PREJUDICE** as legally frivolous and for failing to state claims on which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or

9

response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** ***See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 8th day of January, 2025.

_____
Kayla Dye McClusky
United States Magistrate Judge